FILED
United States Court of Appeals
Tenth Circuit

August 24, 2018

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

TYRSSVERD RAVEN HARSSFELL,

    Defendant - Appellant.

No. 17-3235
(D.C. No. 2:14-CR-20134-CM-1)
(D. Kan.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **LUCERO**, **HARTZ**, and **McHUGH**, Circuit Judges.
_____

    Defendant Tyrssverd Harssfell pleaded guilty to conspiring to distribute and to

possess with intent to distribute 50 grams or more of methamphetamine. *See* U.S.C.

§§ 846, 841(b)(1)(A)(viii) and 841(a)(1). The United States District Court for the

District of Kansas sentenced him to 235 months' imprisonment. After being sentenced,

Defendant filed a "Motion of Direct Appeal to Stay the Execution and Vacate Sentence

with Dismissal of the Indictment with Prejudice." R. Vol. 1 at 63. He claimed that the

prosecution secretly recorded his meetings with counsel. The district court denied the

_____

[*] After examining the briefs and appellate record, this panel has determined unanimously
that oral argument would not materially assist in the determination of this appeal. *See*
Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted
without oral argument. This order and judgment is not binding precedent, except under
the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R.
32.1.

motion as moot and construed it as a notice of appeal. Exercising jurisdiction under 28 U.S.C. § 1291, we dismiss the appeal.

In this court Defendant's counsel has filed a motion to withdraw in accordance with *Anders v. California*, 386 U.S. 738 (1967). Under *Anders* if an attorney examines a case and determines that an appeal desired by his client would be "wholly frivolous," counsel may "so advise the court and request permission to withdraw." *Id.* at 744. Counsel must submit a brief to both the appellate court and the client, pointing to anything in the record that could potentially present an appealable issue. *See id.* The client may then choose to offer argument to the court. *See id.* If, upon close examination of the record, the court determines that the appeal is frivolous, it may grant counsel's request to withdraw and dismiss the appeal.

Defendant was advised of his counsel's position by both defense counsel and the clerk of this court; and the clerk gave him 30 days to respond or request more time. After receiving an extension, Defendant responded by reiterating his claim that prosecutors intruded on his private communications with counsel.

We have conducted our own "full examination of all the proceedings," *Anders*, 386 U.S. at 744, and we agree with counsel that there are no nonfrivolous issues for appeal. Defendant's sole claim is that prosecutors violated his right to counsel under the Sixth Amendment by using video recordings of his meetings with counsel. If true, the prosecutors' actions would be troublesome. "[A]bsent a countervailing state interest," a prosecutor's intentional intrusion into the attorney-client relationship "constitute[s] a per se violation of the Sixth Amendment." *Shillinger v. Haworth*, 70

F.3d 1132, 1142 (10th Cir. 1995). But Defendant has not supported his claim with sufficient evidence of such misconduct.

Defendant relies primarily on the district court's findings in an unrelated case, *United States v. Black*, No. 16-20032-JAR, 2017 WL 2151861, at *1 (D. Kan. May 17, 2017). There, the district court appointed a special master to investigate allegations that the government had obtained recordings of attorney-client communications of prisoners housed at the same facility where Defendant was once housed. *See id.* at *1–2. The special master discovered that the facility had recorded a large number of inmate conversations in its attorney-client meeting rooms. *See id.* at *14. And the prosecution had subpoenaed video and still images recorded by the facility during a two-year period, *see id.* at *13, leading the special master to conclude that prosecutors had viewed and used video recordings of at least one inmate's meeting with counsel, *see id.* at *12. In addition, there was concern that the prosecution may have listened to recordings of prisoners' phone calls with counsel. *See id.* at *11. Defendant has failed, however, to make an adequate showing that *his* rights were violated. He asserts that the prosecution in his case obtained video recordings of his communications with counsel "through an abuse of [the] grand jury [subpoena] power" and then used the records against him. R., Vol. 1 at 63. But he did not swear to the veracity of these allegations under penalty of perjury nor did he attach an affidavit supporting his motion. *See, e.g.*, *United States v. Marceleno*, 819 F.3d 1267, 1274 (10th Cir.), (court need not accept as true a defendant's unsworn assertions of innocence) *cert. denied*, 137 S. Ct. 195 (2016); *cf. United States v. Pearson*, 203 F.3d 1243, 1275 (10th Cir. 2000) ("Sworn trial testimony is generally not

3

refuted by unsworn repudiation of that testimony."). Further, he fails to state how he could have personal knowledge of such recordings. *See* Fed R. Evid. 602 ("A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter."); *United States v. Gutierrez de Lopez*, 761 F.3d 1123, 1132 (10th Cir. 2014) ("[T]he proponent bears the burden of establishing personal knowledge under Rule 602 . . . ."). We note that counsel's brief acknowledges the absence of record evidence supporting Defendant's allegation.

We **GRANT** counsel's motion to withdraw and **DISMISS** this appeal.

Entered for the Court


Harris L Hartz
Circuit Judge

4